# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**STEVEN DEWADE DEMMING**   **DOCKET NO. 5:16-CV-1687-P**

**VERSUS**       **JUDGE ELIZABETH E. FOOTE**

**STEVE PRATOR**      **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Steven Dewade Demming filed the instant civil rights complaint (42 U.S.C. § 1983) pro se and *in forma pauperis*. Plaintiff is not presently incarcerated. Plaintiff complains that he was wrongfully incarcerated from his arrest on January 1, 2015, through his release on December 10, 2015. Plaintiff names Sheriff Steve Prator as the defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that he was arrested for simple robbery on January 1, 2015, and held at Caddo Correctional Center until the charges were dismissed on December 10, 2015. (Doc. 1, p. 3). Plaintiff also alleges that he was denied his mail while he was incarcerated. He seeks $3.5 million dollars in damages. (Doc. 1). On December 21, 2016, the Court ordered Plaintiff to amend his complaint to provide additional information relevant to his claim. (Doc. 5).

### Law and Analysis

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order. . . ." Fed. R. Civ. P. 41(b). A district court also has the inherent authority to dismiss an action *sua sponte,* with or without notice to the parties. See Rogers v. Kroger Co., 669 F.2d 317, 319 (5th Cir. 1982) (citing Link v. Wabash R.R.Co., 370 U.S. 626,

630-31 (1962)).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was instructed to amend his complaint by January 20, 2017. (Doc. 5). To date, Plaintiff has failed to comply with the Court's order to amend.

### Conclusion

Therefore**, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

2

**THUS DONE AND SIGNED** in chambers at Monroe, Louisiana, this 13th day of February, 2017.

Karen L. Hayes
United States Magistrate Judge

3